Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| NATIONAL FOOD TRUCK ASSOCIATION OF PR, INC. Y OTROS<br><br>recurrida<br><br>V.<br><br>MUNICIPIO DE CAROLINA P/C ALCALDE HON. JOSÉ APONTE DALMAU Y OTROS<br><br>Peticionaria | KLCE202500498 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.: CA2018CV00190<br><br>Sobre: DAÑOS Y OTROS |
|---|---|---|

Panel integrado por su presidenta, la Jueza Grana Martínez, la Jueza Álvarez Esnard y el Juez Campos Pérez[1]

Grana Martínez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 24 de junio de 2025.

El peticionario, Municipio de Carolina, solicita que revisemos la Resolución en la que el Tribunal de Primera Instancia se negó a dictar sentencia sumaría a su favor. Los recurridos, National Food Truck y otros presentaron su oposición al recurso. Los hechos procesales pertinentes para atender y resolver las controversias de este recurso son los siguientes.

**I**

La parte recurrida compuesta por comerciantes ambulantes que realizaban sus negocios en el Municipio de Carolina, presentaron una demanda contra ese municipio en la que impugnaron la Ordenanza Número 2017-2018. Los esposos Omar Domínguez Dalmau y Laura Del Fierro eran dueños y operarios de una franquicia de negocio ambulante llamada El Churry en el Centro Comercial Los Colobos de Carolina. Su negocio operaba en

---

[1] Conforme a la Orden Administrativa OATA-2025-067, el Hon. José I. Campos Pérez sustituyó al Hon. Abelardo Bermúdez Torres.

un vagón inmóvil ubicado en el estacionamiento del centro comercial, que no estaba conectado a la infraestructura de electricidad y de agua potable. Los demandantes, aquí recurridos, solicitaron una orden de entredicho provisional y permanente, sentencia declaratoria y una indemnización por daños y perjuicios en contra del Municipio. Véase Demanda, página 148 del apéndice.

La demanda incluyó la siguiente alegación, que la nueva reglamentación tenía el efecto de eliminar la mayoría de los negocios ambulantes del Municipio. Los recurridos cuestionaron específicamente la Sección 6.01(7), debido a que atentaba contra el debido proceso de ley de los negocios ambulantes ubicados en centros comerciales, porque ponían en manos de un tercero el trámite para obtener el permiso. Arguyen que, el Municipio condicionó la evaluación de la ubicación de un negocio ambulante a que entre otros requisitos (1) el dueño del Centro Comercial hubiese obtenido una enmienda a sus permisos y (2) hubiese cumplido todos los procesos y fases para incluir los usos propuestos. No obstante, alegó además que, el Municipio permitió otros negocios en los estacionamientos de los centros comerciales, a los que no les requería enmendar los permisos.

Los recurridos también expresaron su desacuerdo porque la reglamentación (1) los obligaba a recoger y remover diariamente todo lo relacionado a sus negocios, (2) les prohibía tener carpas, mesas, sillas, sombrillas y cualquier objeto fijo o permanente y (3) no les permitía el uso de generadores eléctricos y tanques de gas que no estuvieran adheridos a la unidad ambulante. Según los recurridos esos requerimientos impedían la operación de negocios como El Churry que no estaban adheridos a un inmueble.

El TPI dictó Sentencia Parcial en la que declaró la inconstitucionalidad y nulidad de la disposición que sujetaba el permiso a un trámite en el comerciante no tenía participación. El

foro primario advirtió que el Municipio no negó que permitía *car wash* y negocios de otros tipos, que también disminuían los estacionamientos de los Centros Comerciales. El tribunal hizo hincapié en que el municipio no les exigía a esos negocios enmendar los permisos del Centro Comercial. Por último, hizo constar que el propio Municipio tenía un cuartel ambulatorio en el Centro Comercial. Página 1 del Apéndice del recurso. Véase Sentencia Parcial, páginas 1 a 28 del Apéndice. El Tribunal de Apelaciones aunque revocó ciertas disposiciones reglamentarias confirmó la decisión del foro recurrido en cuanto al inciso 6.01 (7) en el KLAN 2022-00338.

El peticionario solicitó la desestimación sumaria de las reclamaciones de Omar Domínguez y su esposa Laura Del Fierro, porque atribuyeron al Municipio, los mismos daños por los que responsabilizaron a Franquicias El Churry en un pleito alterno presentado contra la franquicia en el caso Civil Número SJ2019CV03511. Según el Municipio la controversia se circunscribió a determinar, si los daños alegados, los ocasionó su reglamentación o eran atribuibles a El Churry Franquicias. Afirmó que la recurrida admitió en el caso contra la franquicia que cerró su negocio, porque El Churry Franquicias le exigió ubicar tanques de gas y sillas de cemento en el estacionamiento. Fue enfático en que la recurrida reconoció en ese pleito que (1) advirtió a El Churry que sus exigencias le ocasionarían problemas con el Municipio, (2) tuvo que acudir al tribunal en varios pleitos para cumplir los requerimientos de la franquicia, (3) las exigencias de El Churry ocasionaron que el Municipio le denegara la renovación del permiso. Por último, el Municipio alegó que denegó el permiso, porque los recurridos cometieron múltiples violaciones al reglamento. Véase Solicitud de Sentencia Sumaria, páginas 29 y 54 del apéndice.

La parte recurrida se opuso a la desestimación, porque atribuyó la pérdida de su negocio a la adopción de la Sección 6.01(7) y al cierre de la franquicia en el Centro Comercial Los Colobos.

El peticionario replicó para explicar que la recurrida lo indujo a error con la intención de obtener un permiso provisional. No obstante, alegó que revocó el permiso provisional porque la recurrida incumplió la reglamentación. El Municipio adujo que la recurrida omitió que iba a vender comida *to go* y a colocar bancos y mesas de hormigón, a pesar de que existía una prohibición expresa. Además, hizo hincapié en que la recurrida no había informado que el Churry Franquicias le requirió ubicar bancos y sillas de cemento y un tanque de gas en el negocio. Por último, insistió en que la recurrida reclamó a El Churry Franquicias por los mismos daños que al Municipio.

El 8 de abril de 2025, el TPI denegó la solicitud de sentencia sumaria y determinó que quedaban pendientes de adjudicar (1) las alegaciones basadas en la pérdida de negocios y (2) los daños alegadamente sufridos por la implementación de la Sección 6.01(7) declarada ilegal. El foro primario resolvió que era necesario realizar un juicio plenario porque los hechos en controversia giraban en torno a elementos subjetivos de intención, propósitos mentales negligencia y credibilidad. Véase Resolución páginas 391 a 401 del apéndice del recurso.

El Municipio de Carolina presentó este recurso en el que alega que el foro recurrido cometió los siguientes errores.

1. ERRÓ EL TPI AL INDICAR QUE ESTAN PENDIENTES DE RESOLVERSE LAS ALEGACIONES DE PERDIDAS DE NEGOCIOS Y LOS DANOS Y PERJUICIOS, QUE ALEGAN LOS DEMANDANTES HABER SUFRIDO COMO CONSECUENCIA DE LA ADOPCION DE LA SECCION 6.01(7) DEL REGLAMENTO OMITIENDO RESOLVER LA CUESTION DE DERECHO PLANTEADA POR LA PETICIONARIA, A SABER QUE EL RECURRIDO DOMÍNGUEZ HIZO ADMISIONES EN OTRO CASO, EN TÉRMINOS DE QUE LOS DAÑOS QUE ALEGA

EN EL PRESENTE CASO, FUERON RESULTADO DE LAS ACCIONES DE EL CHURRY FRANQUICIAS.

2. ERRÓ EL TPI AL DENEGAR LA SOLICITUD DE SENTENCIA SUMARIA DE LA PETICIONARIA, A PESAR DE QUE ADMITE QUE LOS HECHOS 1 AL 16 DE LA SENTENCIA SUMARIA PRESENTADA EN ESTA, NO ESTAN EN CONTROVERSIA, LO CUAL NO IMPEDÍA AL TPI EL DICTAR SENTENCIA A FAVOR DE ESTA.

3. ERRÓ EL TPI AL RESOLVER QUE LOS HECHOS 30 AL 32, 35 AL 36, 40, 41, 43 Y 49 AL 67 INCLUIDOS EN LA OPOSICION DE LA RECURRIDA, NO ESTÁN EN CONTROVERSIA.

## II

## El certiorari

El Tribunal Supremo de Puerto Rico estableció los criterios para la expedición de un certiorari en *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207-210 (2023). El certiorari es un mecanismo procesal de carácter discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrida. *Mc Neil Healthcare v. Mun. De Las Piedras I,* 206 DPR 391, 403 (2021); *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020). Su característica principal es la discreción que conserva el foro revisor para expedirlo y revisar en los méritos la controversia. Ahora bien, la discreción no es incondicional, esta es definida reiteradamente como una forma de razonabilidad que se aplica al discernimiento judicial para llegar a una conclusión justiciera. *Rivera et al. v. Arcos Dorados et al.* supra pág. 210, *800 Ponce de León v. AIG,* supra.

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V. establece los preceptos que rigen la discreción del Tribunal de Apelaciones para expedir un recurso de certiorari. Según lo establecido en la Regla 52.1:

Todo procedimiento de apelación, certiorari, certificación, y cualquier otro procedimiento para revisar sentencias y resoluciones se tramitará de acuerdo con la Ley aplicable, estas reglas y las reglas que adopte el Tribunal Supremo de Puerto Rico. El recurso de certiorari para revisar resoluciones u órdenes

interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

Superados los criterios de la regla 52.1, supra, a fin de que el Tribunal de Apelaciones pueda ejercer su discreción prudentemente, la Regla 40 de su reglamento, 4 LPRA LPRA Ap. XXII-B, establece los criterios que este foro deberá considerar para determinar si procede la expedición de un auto de certiorari. El texto de la regla citada es el siguiente:

El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
B) Si la situación de los hechos planteada es la más indicada para analizar el problema.
C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.
D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.
E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

**B**

**Las doctrinas de cosa juzgada e impedimento colateral por sentencia**.

La doctrina de cosa juzgada garantiza la estabilidad y certeza del derecho. Se define como lo ya resuelto por el fallo firme de un juez o tribunal competente y lleva en si la firmeza de su irrevocabilidad. Su propósito es impartir finalidad a los dictámenes judiciales para que concedan certidumbre y certeza a las partes en litigios. La doctrina de cosa juzgada surte efecto, cuando concurren la más perfecta identidad de las cosas, causas, personas de los litigantes y la calidad en que lo fueron. La sentencia emitida en un pleito anterior impide que se litiguen posteriormente entre las mismas partes, las mismas causas de acción cosas y controversias ya litigadas y adjudicadas. Igualmente serán cosa juzgada las controversias que pudieron litigarse. Ahora bien, esta doctrina no debe aplicarse irreflexivamente, especialmente si se desvirtúan los fines de la justicia, se producen resultados absurdos y se plantean consideraciones de interés público. *Landrau Cabezudo y Otros v. La Autoridad,* 2025 TSPR 7, 215 DPR ___ (2025); *PR Wire Prod. V. C. Crespo & Assoc.,* 175 DPR 139, 150-152 (2008); *Meléndez v. García*, 158 DPR 77, 92 (2002).

De otra parte, el impedimento colateral por sentencia es una modalidad de la cosa juzgada, en la que no es necesario que exista una identidad de causas. La doctrina de impedimento colateral por sentencia se configura cuando (1) se adjudicó un asunto, (2) en una sentencia previa, (3) luego de haberse litigado, (4) entre las mismas partes y (5) el hecho adjudicado es esencial para un segundo pleito. Esta doctrina impedir litigar en un pleito posterior, un hecho esencial que fue adjudicado mediante sentencia final y firme. *Landrau Cabezudo y Otros v. La Autoridad,* supra; *Presidential v. Transcaribe,* 186 DPR 263, 276-277 (2012).

La figura del impedimento colateral por sentencia se manifiesta en dos modalidades. La *modalidad defensiva* le permite al demandado argumentar la defensa de impedimento colateral por sentencia para impedir la litigación de un asunto presentado y perdido por el demandante en un pleito anterior frente a otra parte. De otro lado, la *modalidad ofensiva* es articulada por el demandante en un litigio posterior para impedir que el demandado relitigue los asuntos ya dilucidados y perdidos frente a otra parte. El denominador común entre ambas modalidades es que la *parte afectada por la interposición del impedimento colateral ha litigado y ha perdido el asunto en el pleito anterior. PR Wire Prod. V. C Crespo & Assoc.,* supra, pág. 153.

### III

La parte peticionaria solicita que revisemos la denegatoria del Tribunal de Primera Instancia a desestimar el pleito sumariamente. La Regla 52.1 *supra,* nos autoriza a expedir el recurso de *certiorari,* porque el promovente solicita revisión de una resolución relacionada a una moción de carácter dispositivo. La controversia se reduce a determinar si, procede la desestimación sumaria de este caso.

La expedición del recurso es necesaria para corregir el error de derecho que cometió el foro primario. La doctrina de impedimento colateral por sentencia impide que la recurrida litigue hechos esenciales que se adjudicaron en una sentencia que es final y firme. La recurrida solicitó revisión de la denegatoria del permiso en el caso Civil Número CA2018CV02214. El Municipio alegó que la recurrida incumplió varias disposiciones reglamentarias. El peticionario adujo que la recurrida no tenía tablilla para operar un negocio en un vagón sobre ruedas, ni la certificación del Departamento de Estado. El tribunal determinó que la recurrida incumplió con el reglamento, porque eran documentos esenciales al presentar la solicitud de permiso o que estuviesen disponibles y visibles al momento de la

inspección. Según el tribunal esos documentos eran esenciales, porque sin ellos era imposible considerar la solicitud. Véase Sentencia del 24 de septiembre de 2021, caso civil número CA2018CV02214.

El Municipio también argumentó que (1) no se cumplió el horario de operaciones propuesto, (2) el vagón, el tanque de agua, las sillas y mesas de concreto no eran removibles y estaban fijadas permanentemente y (3) se aumentó el área de servicio autorizada. Según este, su reglamentación interna exigía recoger diariamente todo lo relacionado a los negocios y prohibía la instalación de objetos fijos o permanentes y el aumento al área de servicio autorizada. El tribunal validó que la recurrida incumplió con esa reglamentación. Además, advirtió que la propia recurrida admitió que el Municipio le permitió instalar sillas y mesas removibles, siempre que fueran removidas al final del día. Por último, el Municipio alegó que la recurrida incumplió con la reglamentación que exigía que los centros comerciales enmendaran sus permisos de usos para autorizar negocios en el estacionamiento. El TPI concluyó que la violación se cometió, porque el permiso del centro comercial no autorizaba actividades de negocios en el estacionamiento. El foro de instancia confirmó la denegatoria del permiso, en una sentencia que es final y firme. En su sentencia el tribunal concluyó que el Municipio de Carolina denegó el permiso conforme a derecho, debido a que la recurrida (1) no presentó documentos esenciales para su concesión, (2) tenía carpas, cisternas, mesas y sillas adheridas de forma permanente en el suelo, en contravención a la reglamentación municipal y (3) el centro comercial no estaba autorizado a tener negocios en el estacionamiento y el permiso no fue enmendado para permitir ese uso. Véase Sentencia del 24 de septiembre de 2021, caso civil número CA2018CV02214.

La recurrida no puede reclamar daños, porque el Municipio le denegó el permiso. El TPI validó la decisión del municipio en una sentencia final y firme. El permiso no se denegó únicamente, porque la recurrida incumplió con la Sección 6.01(7). La recurrida cometió otras violaciones al reglamento aplicable que impendían la concesión del permiso. La sentencia de ese caso es final y firme. El Municipio de Carolina y los recurridos son las partes en ambos casos. **La corrección la denegatoria del permiso es un hecho esencial, que fue adjudicado en una sentencia final y firme.** Por último, no podemos obviar que la recurrida presentó otro pleito en el que responsabilizó a La Franquicia El Churri, porque el Municipio les denegó el permiso. Igualmente, no podemos obviar su admisión de que advirtió a la franquicia que sus exigencias de sillas y mesas le ocasionarían problemas con el Municipio.

## IV

Por las razones expuestas se expide el recurso, se revoca la resolución y se desestima sumariamente la demanda en cuanto a la reclamación presentada por Omar Domínguez Dalmau y Laura Del Fierro.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones. La Jueza Álvarez Esnard concurre sin voto escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones